UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:12-CV-20664-GRAHAM/BANDSTRA

LUXOR AGENTES AUTONOMOS DE
INVESTIMIENTOS, LTDA., a Brazilian
Corporation

      Plaintiff,

v.

INTERTRANSFERS, INC., a Florida
Corporation, and JOSE AUGUSTO MARTINS,
individually,

      Defendants.
_____/

**OBJECTIONS TO SUBPOENAS; MOTION TO QUASH
OR FOR PROTECTIVE ORDER
AND INCORPORATED MEMORANDUM OF LAW**

Non Party Witnesses IRACI ROMAO OLIVEIRA and ANA PAULA MARTINS, by and through their undersigned counsel file this their Objections to Subpoenas; Motion to Quash or for Protective Order and Incorporated Memorandum of Law [1] and state:

**INTRODUCTION**

Plaintiff, LUXOR AGENTES AUTONOMOS DE INVESTIMIENTOS, LTDA. (hereinafter "LUXOR") filed an unverified complaint against INTERTRANSFERS, INC. and JOSE AUGUSTO MARTINS, alleging that the Defendants breached an *oral* agreement to exchange approximately $12,000,000 U.S. into Brazilian Reis by essentially keeping the money

---

[1] These Objections and Motion are filed in good faith based upon the information obtained on short notice since the undersigned was recently retained. The undersigned respectfully requests leave to supplement these objections and motion within a reasonable time to fully comply with all Court Orders and requirements.

1

for themselves. LUXOR did not attach any contract, receipt or writing evidencing a transaction with INTERTRANSFERS. Rather, in support of its complaint LUXOR attaches documents which appear to demonstrate that the transactions at issue were between a Bahamian company described as TILLERMAN SECURITIES, LTD., and WIT MONEY SERVICES EXPRESS LTD, a company with offices in the United Kingdom. [DE 1, Exhibit B]. None of the exhibits to the complaint which reference a specific transaction mention the Defendants.

Defendants filed their answers and the case is scheduled for trial February 25, 2013, with the deadline for discovery being December 10, 2012. [DE 30].

In June 2012 LUXOR served subpoenas upon the wife and daughter of Defendant MARTINS, to wit: IRACI ROMAO OLIVEIRA ("OLIVEIRA") and ANA PAULA MARTINS ("ANA PAULA"), respectively. As with the Defendants, neither OLIVEIRA nor ANA PAULA are mentioned in any of the Exhibits to the Complaint. The non party subpoenas seek the video taped depositions of both ladies and request that they bring with them a broad variety of documents.

In the case of OLIVEIRA, LUXOR requests twenty four (24) categories of documents defined in over seven pages of definitions. In the case of ANA PAULA, LUXOR requests seventeen (17) categories of documents, also defined in over seven pages of definitions. The depositions were unilaterally scheduled without coordinating the dates with either the non party witnesses or counsel for the two defendants. The depositions are scheduled for July 9, 2012 and July 10, 2012.

The undersigned was retained by the non party witnesses to represent them in connection with the subpoenas on July 6, 2012. Although the unverified pleadings and exhibits fail to contain sworn statements or documentary proof of the involvement of MARTINS' wife and

daughter, and the complaint may be subject to dismissal for lack of subject matter jurisdiction over foreign transactions involving foreign entities, the scope of the subpoenas alone and the complexity of the allegations made require substantial time for the undersigned to understand the issues and properly represent the non party witnesses. Accordingly, the undersigned telephoned counsel for LUXOR the morning of July 6, 2012 to request that the depositions be postponed so that the undersigned could study the subpoenas and the possible issues raised, confer with his clients, compile documents if necessary, and to accommodate scheduling conflicts due to travel commitments. In short, more time was needed to properly address the subpoenas and reasonably comply with their appropriate demands.

Counsel for LUXOR returned the call the afternoon of July 6th and indicated that they would consult with LUXOR to determine if they could agree to postpone the depositions. Counsel for LUXOR later advised the undersigned that LUXOR would not agree to any postponement.

The undersigned advised counsel for LUXOR that he would be filing an appropriate motion seeking protection which may include a motion to terminate or limit the depositions and that he would advise the Court that LUXOR opposed the postponement sought. The undersigned made these good faith efforts to reasonably resolve the conflicts and to prevent any unnecessary expenses, prior to the filing of this motion. This motion is filed in good faith to preserve the rights of the non party witnesses while reasonably complying with the proper demands of the subpoenas.

OLIVEIRA and ANA PAULA respectfully request that the Court take note of their objections to the subpoenas and grant the relief requested herein for the following reasons.

## MEMORANDUM OF LAW

### The Subpoenas are Objectionable and should be Quashed

LUXOR's subpoenas seeking to videotape the wife and daughter of the Defendant MARTINS in deposition were filed in bad faith for several reasons. First, LUXOR fails to make any reasonable showing or proffer that these witnesses are related to the subject transactions in any way. The complaint is unverified and LUXOR has not provided any affidavit showing why the testimony of MARTINS' wife and daughter are reasonably calculated to lead to admissible evidence, or why they have information that cannot be obtained elsewhere. Second, the exhibits to the complaint fail to mention OLIVEIRA or ANA PAULA. The exhibits show purported wire transfer instructions for foreign currency transactions between foreign entities, for an alleged payment of a commission on a foreign contract negotiated by foreign citizens.

Although the question of subject matter jurisdiction is one that may be raised at any time by any party, the apparent lack of subject matter jurisdiction does affect non party OLIVEIRA and non party ANA PAULA in that these subpoenas appear to be designed to cause harassment, undue hardship and expense and nothing more. The unverified complaint does not allege that OLIVEIRA and ANA PAULA negotiated and/or participated in the *oral* agreement yet the subpoenas seek multiple categories of documents which include personal documents such as telephone records and financial records which ordinarily are not discoverable from third parties absent a reasonable showing that the requested documents are essential and cannot be obtained elsewhere. LUXOR's subpoenas are objected to pursuant to Rule 45 (c)(2)(B) of the Federal Rules of Civil Procedure and should be quashed or significantly limited in scope.

**Alternatively, the Subpoenas should be Quashed or Modified to permit the Non Party Witnesses a reasonable time to comply with its appropriate demands.**

Rule 45 (c)(3) of the Federal Rules of Civil Procedure provides:

*Quashing or Modifying a Subpoena*
(A)     *When Required*. On timely motion, the issuing court must quash or modify a subpoena that:
   (i)     fails to allow a reasonable time to comply;

          * * *
   (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv)    subjects a person to undue burden.

In the instant case, the subpoenas at issue both request personal telephone records, personal bank account documents and statements, brokerage account statements and applications and even all documents pertaining to any account anywhere in the world in which the non party witnesses have signature authority. These are all private and protected documents which should not be subject to disclosure absent a showing by LUXOR that the documents are essential and that the information cannot be obtained by other means. *See, generally*, *Seattle Times Company v. Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199, 81 L.Ed.2d 17 (1984); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001). *United States Securities and Exchange Commission, v. Hyatt*, 621 F.3d 687 (7th Cir. 2010); *Vivian v. Beahm*, Case no. 2:11-CV-150-FtM-SPC (M.D. Fla. 2012).

Assuming *arguendo,* that LUXOR were able provide a reasonable nexus between these non party witnesses and the foreign currency transactions at issue and satisfy the elements required under Rule 45, LUXOR's refusal to even consider postponing the depositions to allow the witnesses time to confer with their counsel violates subparagraph (i) above which requires

the party requesting the information to provide the non party witness with a reasonable time to comply.

OLIVEIRA and ANA PAULA respectfully request that the Court quash and or modify the subpoenas pursuant to Rule 45.

### The Depositions should be Terminated or Limited

Rule 30 (d)(3) of the Federal Rules of Civil Procedure provides that at any time during a deposition, the deponent or party may move to terminate or limit the deposition on the grounds that the deposition is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The Rule further provides that if a deponent so demands the deposition must be suspended for the time necessary to obtain an order. Several reasons exist to justify termination and/or limitation of the deposition.

LUXOR served subpoenas for deposition unilaterally setting depositions seeking multiple categories of documents, many of which are private and protected confidential financial records, from non party witnesses who have no nexus with the transactions at issue. The unverified complaint and exhibits attached tend to show that the transactions involved foreign entities and *not* these witnesses. Therefore, at the outset the inclusion of a Defendant's *wife* and *daughter* suggest bad faith on the part of LUXOR.

Notwithstanding the dearth of allegations and absence of documentary proof that involve these witnesses, the scope of the documents demanded (24 categories for OLIVEIRA and 17 for ANA PAULA including private personal documents) defined over pages and pages of definitions is unreasonable and is designed to be oppressive to OLIVEIRA and ANA PAULA.

In addition, LUXOR's failure to prearrange the depositions with all counsel and the non party witnesses, and LUXOR's unwillingness to reschedule the depositions contravenes the spirit

and language of the Discovery Practices Handbook found in the Local Rules for the Southern District of Florida. Counsel for the Defendants were never contacted prior to the depositions being scheduled and LUXOR refused to consider postponing the depositions even though the officers of LUXOR know that the non party witnesses recently retained counsel who requires time to prepare. This is particularly unreasonable since the discovery cutoff is December 10, 2012, more than sufficient time to entertain any examination of these witnesses if necessary.

The undersigned respectfully requests that the depositions be terminated or limited substantially to specific areas of inquiry and not include personal information of the non party witnesses.

**In the alternative, the Depositions should be rescheduled and limited in scope.**

In the event that the Court is inclined to permit the depositions to proceed, the undersigned respectfully requests an order protecting the non party witnesses from having to provide personal information and requiring the parties to confer regarding rescheduling the depositions for a mutually convenient time and place.

**RELIEF REQUESTED**

Non party witnesses OLIVEIRA and ANA PAULA respectfully request:

(1) That the Court take note of the objections to the subpoenas filed pursuant to Rule 45, F.R. Civ. P.;

(2) Quash the subpoenas issued as to OLIVEIRA and ANA PAULA and terminate the depositions pursuant to Rule 30 (d)(3);

(3) Alternatively, modify the subpoenas pursuant to Rule 45, and limit the depositions to exclude personal documents and information; or

(4) Grant their Motion for Protective Order requiring the depositions to be rescheduled for a mutually convenient time and place; and

(5) Award such further relief deemed just and equitable.

DATED July 9, 2012

                      Respectfully submitted,

                      MESA & ASSOCIATES
                      Concord Building
                      66 West Flagler Street, PH1
                      Miami, Florida 33130
                      Telephone: 305.863.1000
                      Facsimile: 305.863.1022
                      mesalaw@aol.com
                      Attorneys for OLIVEIRA and
                      ANA PAULA MARTINS


By: _____/s/_____/
             Manuel Arthur Mesa
             Florida Bar No.: 0885819

**CERTIFICATE OF SERVICE**

I HEREBY certify that on July 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF to: Michael Chavies, Esq., Akerman Senterfitt, One SE 3rd Avenue, Suite 2500, Miami, Florida 33131; Gustavo D. Lage, Esq., Sanchez-Medina, Gonzalez, Quesada, Lage et al, 201 Alhambra Circle, Suite 1205, Coral Gables, Florida 33134; and Alfredo J. Perez, Esq., Alfredo J. Perez, P.A., 5805 Blue Lagoon Drive, Suite 145, Miami, Florida 33126-2019.

> MESA & ASSOCIATES
> Concord Building
> 66 West Flagler Street, PH1
> Miami, Florida 33130
> Telephone: 305.863.1000
> Facsimile: 305.863.1022
> mesalaw@aol.com
> Attorneys for OLIVEIRA and
> ANA PAULA MARTINS
>
> By:      /s/             /
>     Manuel Arthur Mesa
>     Florida Bar No.: 0885819