UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-20664-CIV-GRAHAM / GOODMAN

LUXOR AGENTES AUTONOMOUS
DE INVESTIMIENTOS, LTDA, a Brazilian
Comapny

vs.

LIC INVESTMENT GROUP, INC, *et al.*,

    Defendants.

/

## DEFENDANT LIC INVESTMENT GROUP, INC.'S MOTION FOR LEAVE TO JOIN OTHER IMPLEAD DEFENDANTS' MOTIONS TO DISMISS

    The defendant, LIC Investment Group, Inc., moves to join the motions to dismiss of the other Implead Defendants.  In support, LIC states:

### BACKGROUND:

    On April 17, 2013, LIC's registered agent was served with the Amended Impleader Complaint.  Counsel was recently hired to represent LIC, and moved for an extension of time to file a response to the Amended Impleader Complaint.  The Court granted that extension of time on today's date. Implead defendants Jorge Lezcano, Ana Paula Martins, Enterprises Investors' Group, Inc. and Claudia Martins all moved to dismiss the Amended Impleader Complaint.  See Docket Entry Numbers 113 and 114.   They face the same or

1

similar claims in the Amended Impleader Complaint as does LIC and none have them have answered that complaint yet. Luxor responded to their motions to dismiss, which are essentially identical, and some of the defendants have filed a reply to that response.  As such, the matter is close to being fully briefed.  Because of that, LIC files this motion, seeking leave to join the relief sought by the other Implead Defendants before the Court rules on their motions and the legal issue raised in them.   Luxor is not prejudiced because the Court's ruling on the motions to dismiss will apply to all of the aforementioned Implead Defendants, none of whom have answered the Amended Impleader Complaint.  And it is also true that Luxor's action against the Implead Defendants, including LIC, stems from its asserted rights in two pieces of property located in Miami Dade County, which are now the subject of a temporary restraining order.  <u>See</u> Docket Entry 146 dated May 16, 2013.  Accordingly, Luxor cannot claim that allowing LIC to join the other Implead Defendants' motions to dismiss really changes the landscape for it in any meaningful way.

**MEMORANDUM OF LAW:**

In their motions to dismiss, the other Implead Defendants assert that Luxor has failed to meet the

2

jurisdictional requirements of section 56.29 of the Florida Statues because the writ of execution was not *returned* unsatisfied.  They cite Moffaat & Nichol v. B.E.A. International Corp., 48 So.2d 896, 897 (Fla. 3rd DCA 2008) and Mejia v. Ruiz, 985 So.2d 1109 (Fla. 3rd DCA 2008).

Luxor forcefully responded that the requirement that the writ of execution be *returned* unsatisfied was eliminated when the statute was amended in 1967.  Luxor relies on case law that states as much.  See Plaintiff Omnibus Response to Motion to Dismiss, Docket Entry Number 135. (Citations Omitted).

Some of the Implead Defendants' replied to the response, arguing that the matter is not as well settled as Luxor insists, and arguing that a mere affidavit asserting that the writ of execution remains unsatisfied and outstanding is not enough. There must be proof, they argue, that the Sherriff holds a writ of execution which is *returned* as unsatisfied, demonstrating that more than the mere ministerial act of the issuing the writ of execution was undertaken.  See Reply to Motion to Dismiss, Docket Entry Number 141.

Relying on Continental Cigar Corp. v. Edelman & Co., 397 So.2d  957, 958 (3rd DCA 1981) and Bliedt v. Lobato, 664 So.2d 1074, 1075 (5th DCA 1995), two cases which are also

3

cited by Luxor, Magistrate O'Sullivan's opinion in Kocavs v. Nat'l Hebrew Glatt, Inc., NO. 05-23125- CIV (S.D.F.L. Aug. 2008) states that section 56.29 *only* requires an affidavit showing a valid and unsatisfied writ of execution prior to commencing supplementary proceedings.  That a sister Court of this Court appears to see the matter the same way that Luxor does is no doubt persuasive and not lost on LIC.  Nevertheless, while the weight of authority appears to favor Luxor's reading of the law on this issue, a reading of Florida case law shows that the 3rd DCA in Continental Cigar Corp. did not address the issue of whether the Sheriff must hold a *returned* unsatisfied writ of execution.  Rather, the 3rd DCA merely quoted the statute in a case where the contested issue on appeal was whether a trademark and logo constituted assets which could be executed upon pursuant to the statute.  Continental Cigar Corp., 397 So.2d at 958 ("Appellant argues that the trademark and logo are not amenable to execution and therefore cannot be the subject of an unsatisfied execution without which, it contends, supplementary proceedings may not be instituted") (Ruling against the appellant because the statute provides that supplementary proceedings may be instituted upon a showing of a valid unsatisfied writ of execution on *any* assets). (Emphasis added).  Continental

4

Cigar Corp. did not involve a claim, like the one made in this case, that the plaintiff had failed to show that the writ of execution had been *returned* unsatisfied and, therefore, that the plaintiff failed to meet a jurisdictional requirement under section 56.29 because of that fact.

It appears that only the 4th DCA in Standard Propr. Inv. Trust v. Luskin, 585 So.2d 1099, 1101 (Fla. 4th DCA 1991)[1], and the 5th DCA in Lobato, are the only Florida Appellate Courts to have squarely addressed the question raised by the motions to dismiss.  It further appears that the other Florida Appellate Courts and the Florida Supreme Court have yet to weigh in on the question of whether the *return* requirement still constitutes a jurisdictional requirement to instituting supplemental proceedings.

In any event, this issue has been raised by the other Implead Defendants and LIC wishes to avoid the possibility of becoming the only Implead Defendant left in the case while the others are dismissed.  If they are correct on the law, there is no doubt that dismissal is required.  A review of Luxor's counsel's affidavit shows that is fails to state that the writ of execution was returned to the

---

[1] See also, Luskin v. Luskin, 616 So.2d 559, 561 (4th DCA 1993).

Marshall unsatisfied.  See Affidavit, Docket Entry Number 104-3.  And the writ itself shows that it has a section designated for "return" which was left blank.  See Writ of Execution, Docket Entry Number 104-2.

Despite this motion, LIC accepts that Luxor is already on the record opposing the assertion that it has not met the jurisdictional requirements of the statute.  No new issue is raised in this motion.  And, as stated at the outset, the matter appears to be close to fully briefed already.  Only Implead defendant, Claudia Martins, has yet to file a reply to the Luxor's response to her motion to dismiss.

Should the Court deny the other Implead Defendants' motions to dismiss and require them to answer the Amended Impleader Complaint, LIC is willing to answer at the same time the Court requires them to answer.  Should the Court, however, agree that Luxor has not met the jurisdictional requirements of section 56.29 of the Florida Statutes, the Amended Impleader Complaint should be dismissed as to all of the Implead Defendants, including LIC.  The point of this motion is not to delay or further litigate an issue already briefed.  Rather, the point is to avoid even the possibility of having LIC sitting out there alone as an Implead Defendant while the other Implead Defendants have

6

been dismissed because of a jurisdictional defect in Luxor's pleadings. Again, because the other Implead Defendants have yet to answer the Amended Impleader Complaint, Luxor is in no way prejudiced by allowing LIC to join the other defendants in their motions to dismiss, which have already been filed and are pending before the Court.

Wherefore, the defendant, LIC, respectfully requests that the Court grant it leave to join the motions to dismiss filed by the other Implead Defendants at Docket Entry Numbers 113 and 114.

Respectfully submitted,

**HENRY P. BELL, P.A.**
6301 Sunset Drive, Suite 203
South Miami, Florida 33143
Telephone:     (305) 665-8625
Telecopier:    (305) 665-8624
Email:    hbell@bellpalaw.com
By:    ____s/ Henry P.Bell_____
          Henry P. Bell

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 22, 2013 the foregoing was electronically filed with the Clerk of the Court using CM/ECF to all counsel of record.

By: s/ Henry P. Bell
    Henry P. Bell
    Fla. Bar No. 0090689